# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TIMOTHY MCCARTHY, <br> Plaintiff, <br> v. <br> JIMMIE L. WILSON, et al., <br> Defendants. | Case No. 19-cv-00013-JST (PR) <br><br> **ORDER OF DISMISSAL** |

On January 2, 2019, plaintiff, a California prisoner incarcerated at the California Correctional Training Facility and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, Alameda County District Attorney Nancy O'Malley and Alameda County Assistant District Attorney Jimmie Wilson, violated his constitutional rights by engaging in prosecutorial misconduct at his criminal trial in 2012. Specifically, plaintiff alleges that defendants secured his conviction by conspiring to present perjured testimony by a witness for the prosecution. Plaintiff is currently in prison as a result of the 2012 conviction. Plaintiff has a habeas petition pending in this court challenging the conviction. *See McCarthy v. Koenig*, C 16-6820 HSG (PR).[1]  He seeks money damages.

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that to recover damages in a suit under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[1] Plaintiff's prosecutorial misconduct claim was dismissed from his habeas action as procedurally defaulted. *See* C 16-6820 at ECF No. 15. Plaintiff asserts that the judge in that case, Judge Haywood S. Gilliam, advised him that he could seek relief through a federal civil rights action. The Court has reviewed the orders in C 16-6820 and sees no such advisement.

2

federal court's issuance of a writ of habeas corpus. *Id.* A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* Here, plaintiff's request for damages under § 1983 for defendants' allegedly unlawful actions in securing his state conviction is barred by *Heck* because a judgment in favor of plaintiff would necessarily imply the invalidity of a state conviction that has not already been invalidated.

If plaintiff's claims that defendants violated his constitutional rights by fabricating perjured testimony are proven true, this would imply the invalidity of his conviction. It is clear the conviction has yet to be invalidated. Until then, the claims are barred by *Heck*. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him); *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (claim for damages for alleged illegal search and seizure of evidence upon which criminal charges are based is barred by *Heck*), *overruled on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007), *as stated in Kucharski v. Leveille*, 526 F.Supp.2d 768, 774 (E.D. Mich. 2007).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to plaintiff filing a new action if his criminal conviction is ever set aside.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 4, 2019

JON S. TIGAR
United States District Judge